UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTOINE AROCHE,<br><br>Defendant. | Case No.  15-cr-00345-JD-2<br><br>**ORDER RE COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 218 |

In January 2017, defendant Antoine Aroche pleaded guilty to one count of possession with intent to distribute and distribution of 50 grams or more of methamphetamine.  Dkt. No. 130.  He was sentenced to a mandatory minimum term of 120 months imprisonment three months later.  *See* Dkt. Nos. 168, 169.

Aroche now asks the Court for a transfer to home confinement under Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020), and for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Dkt. No. 209.  The government opposed both requests.  Dkt. No. 212.  The Court appointed counsel for Aroche, Dkt. No. 213, who filed an amended motion asking the Court to recommend that Aroche be placed in home confinement or "furloughed," which means temporarily released from custody.  Dkt. No. 218.  Counsel also filed a supplemental memorandum discussing compassionate release under Section 3582(c)(1)(A).  Dkt. No. 220.  Although Aroche's briefs were out of sequence and not, strictly speaking, permissible without the Court's permission, the government responded to all of Aroche's arguments in its opposition, and does not seek additional briefing.  Dkt. No. 221.  Aroche's motions are denied.

The Court may consider a compassionate release request only if the defendant has exhausted his administrative remedies, or if thirty days have passed since the defendant made a request to the Bureau of Prisons (BOP). 18 U.S.C. § 3582(c)(1)(A)(i). This threshold requirement has been satisfied because Aroche made a request to the BOP on July 20, 2020, and more than thirty days have passed since then. Dkt. No. 220-3. The government says this request was defective because it did not include a release plan. Dkt. No. 221 at 5. The record indicates otherwise. Aroche expressly referred to Section 3582(c)(1)(A) in his administrative request, and stated that he wanted to be "released home to my family." Dkt. No. 220-3. He also said that the reasons for the request and the details about where he wanted to be released had been "stated before," *id.*, by which he meant a prior request under the CARES Act that expressed his plans to obtain employment, his community and family ties, and other plans for his release, *see* Dkt. No. 218-5. The Court finds that these materials were enough to trigger the 30-day clock, which is now exhausted.

Even so, compassionate release is not warranted because "extraordinary and compelling reasons" are not demonstrated by the record. 18 U.S.C. § 3582(c)(1)(A)(i). Extraordinary circumstances typically take the form of a defendant with a terminal illness or a serious medical condition that cannot be mitigated without compassionate release. *See, e.g.*, *United States v. Zahn*, No. 4:18-CR-00150-JD-1, 2020 WL 3035795, at *1 (N.D. Cal. June 6, 2020). Like many incarcerated defendants recently, Aroche seeks release on the basis of the COVID-19 pandemic. This can be a sound reason for release when, for example, a defendant has recognized risk factors for death or severe illness from COVID-19, and is in a facility where the infection count is substantial. *See, e.g.*, *id.*

Neither factor is present here. Aroche is 37 years old, and has not alleged any health or medical circumstances that might place him at a heightened risk from COVID-19 infection. The BOP facility in Rochester, Minnesota, where Aroche has been incarcerated reported positive tests for 43 inmates and three staff members, and zero deaths, relative to a total inmate population of 614. *See COVID-19 Coronavirus*, Federal Bureau of Prisons (accessed October 14, 2020, 12:36 PM), https://www.bop.gov/coronavirus/; *see also FMC Rochester*, Federal Bureau of Prisons

(accessed October 14, 2020, 12:36 PM), https://www.bop.gov/locations/institutions/rch/. These facts do not support the extraordinary relief of early release from custody.

Aroche also says that he should be released to help care for his two daughters, one of whom has injuries from a car accident. *See* Dkt. No. 218-4. This too is no basis for extraordinary relief. Virtually every incarcerated person is in similar circumstances, and Aroche has not tendered any evidence suggesting that he stands out for a compelling reason.

For the home confinement or furlough request, the Court may only make a non-binding recommendation to the BOP. *See United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011). The Court declines to make a recommendation here because it is not warranted by the record.

**IT IS SO ORDERED.**

Dated: October 20, 2020

JAMES DONATO
United States District Judge