UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTOINE AROCHE,

Defendant.

Case No.  15-cr-00345-JD-2

**ORDER RE EARLY TERMINATION OF SUPERVISION**

On January 25, 2017, defendant Antoine Aroche pleaded guilty to a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) for possession with intent to distribute and distribution of methamphetamine in an amount of approximately 431 grams.  Dkt. Nos. 130, 131.  At the time of sentencing, Aroche had a Criminal History Category of III.  Dkt. No. 167 at 7.  Aroche was sentenced to a term of 120 months in custody, followed by 5 years of supervised release.  Dkt. No. 169.  The custody period was the low end of the Guidelines recommendation by the United States Sentencing Commission, and the lowest term available under the statutory mandatory minimum.

The government states without opposition that Aroche was released from custody on August 8, 2023, and that his term of supervised release will end on August 7, 2028.  Dkt. No. 242 at 2-3.  Aroche is just shy of the halfway mark on supervised release, and asks that it be terminated in full at this time.  Dkt. No. 241.  The government opposed the request.  Dkt. No. 242.  The United States Probation Office (USPO) advised that early termination is "premature," and that it would like to continue assisting Aroche's rehabilitation "to mitigate any future risk to the community."  Dkt. No. 244 at 2.  Termination is denied without prejudice to a renewed request on a later date.

United States District Court
Northern District of California

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release after one year if "warranted by the conduct of the defendant released and the interest of justice." "The Court 'enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.'" *United States v. Rudy*, No. 20-CR-00111-JD-1, 2025 WL 2799100, at \*2 (N.D. Cal. Oct. 1, 2025) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)), *aff'd*, No. 25-4792, 2025 WL 2871860 (9th Cir. Oct. 9, 2025). Its discretion is guided by several of the factors stated in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). "These factors 'include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines.'" *Rudy*, 2025 WL 2799100, at \*2 (quoting *United States v. Cate*, 971 F.3d 1054, 1058 (9th Cir. 2020)). "[E]xceptional or extraordinary circumstances" are not prerequisites to relief, *United States v. Ponce*, 22 F.4th 1045, 1046-47 (9th Cir. 2022), nor is a showing of undue hardship, *Emmett*, 749 F.3d at 819.

"The defendant bears the burden of demonstrating that early termination is warranted." *Rudy*, 2025 WL 2799100, at \*2 (citing *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)). "In deciding an early termination request, the Court should explain its reasons, but it 'need not tick off each of the [relevant] § 3553(a) factors to show that it has considered them.'" *Id.* (quoting *Emmett*, 749 F.3d at 821-22 (alteration in original)).

By all accounts, Aroche has complied with the conditions of his supervised release and shown commendable progress in moving his life in a positive direction. *See, e.g.,* Dkt. No. 241; Dkt. No. 244 at 2. His immersion in Judaism is noteworthy, as is his employment at a Jewish funeral home.

Even so, early termination is not in the interests of justice or compelled by the factors of 18 U.S.C. § 3553(a) as incorporated in 18 U.S.C. § 3583(e). The record indicates that Aroche has benefitted substantially from the supervised release conditions. The key conditions of his release provide supervision and support to promote his rehabilitation, and to protect the public from further criminal conduct. *See* Dkt. No. 244. For example, to address substance abuse issues, Aroche is required to participate in testing and treatment for illicit drug use until otherwise

United States District Court
Northern District of California

2

directed by his probation officer. This condition has been useful in supporting Aroche's rehabilitation. Aroche is also subject to a special search condition that permits law enforcement to access his electronic devices and their data. This condition is an important public safety provision because Aroche used cell phone communications to facilitate his methamphetamine offense, which were intercepted pursuant to a court-authorized wiretap. *See* Dkt. No. 167 at 4-5.

Overall, the Court agrees with USPO that it is too early to declare an end to the personal benefits and public protections provided by Aroche's term of supervised release. A longer record of conduct is warranted to evaluate early termination.

Aroche did not present evidence of any countervailing concerns. He says that supervised release restricts his ability is to travel to Seattle, where his father lives, and Minnesota, where his rabbi lives. Dkt. No. 241 at 11. But the record does not indicate that he has been denied travel on any occasion, or faced any real inconvenience in traveling. If Aroche wishes to reside in Minnesota, he may request a transfer of supervision.

Early termination is denied at this time. Aroche may renew the request at a later date as circumstances warrant.

**IT IS SO ORDERED.**

Dated: January 20, 2026

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

3